UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID DALE,

Plaintiff,

v.

DEPUTY SIMON BIEGASIEWICZ,
DEPUTY JOSEPH RACZYNSKI, and
DEPUTY WARREN LUICK,

Defendants.

---

DECISION
and
ORDER

17-CV-01211F
(consent)

APPEARANCES: THE LAW OFFICES OF MATTHEW A. ALBERT
Attorneys for Plaintiff
MATTHEW A. ALBERT, of Counsel
2166 Church Road
Darien Center, New York 14040
and
GRIFFIN DAVIS DAULT, of Counsel
388 Evans Street
Williamsville, New York 14221

MICHAEL A. SIRAGUSA
ERIE COUNTY ATTORNEY
Attorney for Defendants
JEREMY C. TOTH
Second Assistant County Attorney, of Counsel
ERIE COUNTY ATTORNEY'S OFFICE
95 Franklin Street
Room 1634
Buffalo, New York 14202

## JURISDICTION

On June 4, 2018, the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned. (Dkt. 17). The matter is presently before the court on Defendants' motion for summary judgment (Dkt. 27), filed May 8, 2019.

**BACKGROUND**

Plaintiff David Dale ("Plaintiff"), commenced this action on November 24, 2017, alleging against Defendants, including Erie County Sheriff Deputies Simon Biegasiewicz, Joseph Raczynski, and Warren Luick (together, "Defendants"), two claims for relief originating with a traffic stop on March 5, 2015, including for unreasonable seizure, false arrest, and false imprisonment in violation of the Fourth and Fourteenth Amendments, Complaint ¶¶ 42-59 ("First Claim"), and malicious prosecution in violation of the Fourth and Sixth Amendments, *id*. ¶¶ 60-77 ("Second Claim"). Plaintiff seeks for relief compensatory and punitive damages, as well as an award of attorney fees. *Id*. ¶¶ 78-80. Defendants filed an answer on January 18, 2018 (Dkt. 8). Discovery concluded on November 18, 2018 (Dkt. 22).

On May 8, 2019, Defendants filed a motion for summary judgment (Dkt. 27), supported by the attached Supporting Declaration of Second Assistant County Attorney Jeremey C. Toth (Dkt. 27-1) ("Toth Declaration"), Movants' Statement of Material Facts Pursuant to Local Rule 56 (Dkt. 27-2) ("Defendants' Statement of Facts"), exhibits A through G (Dkts. 27-3 through 27-9) ("Defendants' Exh(s). __"), and Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment (Dkt. 27-10) ("Defendants' Memorandum"). On July 8, 2019, Plaintiff filed the Memorandum of Law in Opposition to Defendants' Summary Judgment Motion Requesting the Dismissal of All Causes of Action Pursuant to Rule 56 of the Federal Rules of Civil Procedure (Dkt. 33) ("Plaintiff's Response"), attaching Plaintiff's Response to Defendants' Statement of Undisputed Facts Pursuant to FRCP 56(a)(2) (Dkt. 33-1) ("Plaintiff's Statement of Facts"), exhibits (Dkts. 33-2 through 33-5), and the Declaration of Matthew A. Albert,

Esq. (Dkt. 33-6) ("Albert Declaration"). On July 22, 2019, Defendants filed on July 22, 2019, the Reply Declaration of Second Assistant County Attorney Jeremy C. Toth in Further Support of Defendants' Motion for Summary Judgment (Dkt. 34), attaching the Reply Memorandum in Further Support of Defendants' Motion for Summary Judgment (Dkt. 34-1) ("Defendants' Reply"). Oral argument was deemed unnecessary.

Based on the following, Defendants' motion is GRANTED.

## FACTS

At 5:30 in the evening of March 5, 2015, Plaintiff David Dale ("Plaintiff" or "Dale") was traveling in the southbound lane of Bowen Road in the Town of Elma, New York ("Elma"), when he passed a slow-moving vehicle towing a trailer, then continued driving along Bowen Road for another mile, turning right into a gas station located at the northwest corner of the intersection of Bowen Road and Jamison Road. Plaintiff did not stop for gas, but exited the gas station by turning into the westbound lane of Jamison Road, when Plaintiff noticed an Erie County Sheriff vehicle enter the gas station from Bowen Road, with its overhead lights flashing but without its siren sounding. The sheriff's vehicle was driven by Defendant Erie County Deputy Sheriff Simon Biegasiewicz ("Biegasiewicz") who traveled through the gas station's parking lot, exiting onto Jamison Road behind Plaintiff's vehicle which Biegasiewicz pulled over. Biegasiewicz issued Plaintiff four citations for violations of New York Vehicle and Traffic Law ("N.Y. Veh. & Traf. Law"), §§ 1128(a) (unsafely moving from lane), 1144(a) (failure to yield the right of way to an emergency vehicle), 1180(d) (failure to comply with posted maximum speed limits), and 1225 (avoiding intersection or traffic-control device) ("the

traffic citations"). Plaintiff pleaded "not guilty" by mail, requesting a supporting deposition from Biegasiewicz pursuant to New York Criminal Procedure Law ("N.Y. Crim. Pro. Law") § 100.25[2].

On May 5, 2015, Plaintiff appeared in Elma Town Court before Elma Town Justice Joseph A. Sakowski ("Justice Sakowski"), on the traffic citations. Because Biegasiewicz did not provide the requested supporting deposition, Justice Sakowski dismissed the traffic citations. Upon being advised the traffic citations were dismissed for failure to submit the requested supporting deposition, Biegasiewicz re-issued the traffic citations ("the re-issued traffic citations"), mailing them to Plaintiff. On June 11, 2015, Plaintiff again appeared in Elma Town Court before Justice Sakowski on the re-issued citations, which Justice Sakowski dismissed because Biegasiewicz failed to personally serve Plaintiff with them as required by N.Y. Crim. Pro. Law § 100.25[2]. Biegasiewicz was in court when the re-issued traffic citations were dismissed, and before Plaintiff left the courtroom, Biegasiewicz attempted to re-issue the traffic citations ("third set of traffic citations"), which Biegasiewicz intended to personally serve on Plaintiff in the courtroom, but Plaintiff refused to accept the citations and began walking toward the exit. Plaintiff maintains Biegasiewicz attempted to block Plaintiff's egress from the courtroom, but Plaintiff managed to exit and walked outside toward his vehicle with Biegasiewicz following on foot, yelling at Plaintiff and waving his arms in a manner Plaintiff perceived as "wild" and indicating Biegasiewicz was "unhinged." Complaint ¶ 24. Upon reaching his vehicle, Plaintiff drove away without accepting the third set of traffic citations from Biegasiewicz. Because Biegasiewicz's patrol vehicle was not in

close proximity, being parked in a lot behind the Elma Town Court, Biegasiewicz was unable to pursue Plaintiff at that time.

Biegasiewicz maintains that after Plaintiff drove away from Elma Town Court on June 11, 2015, Biegasiewicz notified the sheriff's office's dispatch he was proceeding toward his patrol vehicle and intended to follow Plaintiff. Defendants' Statement of Facts ¶ 10. Upon entering his patrol vehicle, Biegasiewicz drove to the address he had for Plaintiff, *i.e.*, 805 Fillmore Avenue in the City of Buffalo, New York ("the Buffalo address"), but upon reaching the Buffalo address, observed the presence of neither Plaintiff nor his vehicle at what appeared to Biegasiewicz to be an abandoned building. *Id*. ¶ 11. Biegasiewicz accessed a database, located another address for Plaintiff in Lancaster, New York ("the Lancaster address"), and drove to the Lancaster address where he observed Plaintiff's vehicle outside and Plaintiff inside the house. *Id*. ¶ 12. Biegasiewicz knocked several times on the door to the house, stating he wanted to issue the summonses, but no one answered the door. *Id*. Plaintiff explains that he and his wife maintain separate residences, Complaint ¶¶ 3-4, 33, and disputes that Biegasiewicz was ever at the Lancaster address on June 11, 2015. Plaintiff's Statement of Facts ¶¶ 11-12.

After Plaintiff left the Elma Town Court on June 11, 2015, Biegasiewicz telephoned Plaintiff's wife, leaving a message on an answering machine instructing Plaintiff to surrender himself for service of the third set of traffic citations or Plaintiff would be subject to warrant for his arrest. Plaintiff maintains the message was very upsetting to Plaintiff's wife and son and, out of concern for his safety and based on the threatened arrest by Biegasiewicz whom Plaintiff considered "obviously malicious and

spiteful," Complaint ¶ 26, Plaintiff contacted the Erie County Sheriff's Department Office of Professional Standards ("OPS") where Plaintiff spoke with Defendant Erie County Sheriff Sergeant Warren J. Luick ("Luick"), and inquired how to pursue a complaint regarding Biegasiewicz's "threatening actions and strange behavior." *Id*. ¶ 26. Luick responded it was his belief Plaintiff was attempting to avoid answering the traffic citations, advising Plaintiff that Luick had already spoken with Biegasiewicz and did not believe Biegasiewicz had done anything wrong. When Plaintiff indicated he was willing to retrieve the third set of traffic citations from the OPS so as to avoid another confrontation with Biegasiewicz, Luick advised that was not allowed and that Plaintiff should contact Biegasiewicz to arrange for personal service. Luick further advised Plaintiff could file a complaint regarding Biegasiewicz, but that if he did, Luick would prosecute Plaintiff for perjury based on making false statements.

On June 12, 2015, Plaintiff telephoned the Elma Town Court to inquire whether a warrant for his arrest had been issued, but Plaintiff was not able to confirm the existence of any such warrant. Plaintiff then arranged to be served with the third set of traffic citations that afternoon by Biegasiewicz at Elma Town Court with his then attorney, Paul Labaki, Esq. ("Labacki"), and another sheriff's deputy present. Upon arriving at Elma Town Court, Plaintiff was met by Biegasiewicz and Defendant Deputy Sheriff Joseph Raczynski ("Raczynski"). Biegasiewicz told Plaintiff he was under arrest, and made Labacki wait outside while Plaintiff was escorted by Biegasiewicz and Raczynski to another room where they questioned Plaintiff outside Labicki's presence. During this questioning, Plaintiff provided as his address the Buffalo address listed on his driver's license, but Biegasiewicz, who never requested Plaintiff's driver's license,

maintained the Buffalo address is for an abandoned house and accused Plaintiff of misrepresenting his address. Plaintiff was charged in a criminal complaint with obstructing governmental administration ("OGA") ("OGA Complaint"),[1] in violation of New York Penal Law § 195.05, a class A misdemeanor. According to the OGA Complaint, it was the events of June 11, 2015 that prompted Biegasiewicz to charge Plaintiff with OGA, specifically, Plaintiff's leaving the courtroom on June 11, 2015, proceeding to the parking lot, refusing Biegasiewicz's repeated verbal requests that Plaintiff stop and provide his driver's license for preparation of the third set of traffic citations, entering his vehicle and driving away. OGA Complaint at 1. Plaintiff was then handcuffed and made to wait in Elma Town Court courtroom to be arraigned once a Town Justice arrived. After several hours, Plaintiff was arraigned before Elma Town Justice Robert Pierce ("Justice Pierce"), but Plaintiff was never provided a copy of the arrest warrant. Justice Pierce inquired as to Plaintiff's legal address, eventually changing the address on the third set of traffic citations from the Lancaster address to the Buffalo address in accordance with Plaintiff's assertion and setting bail for Plaintiff at $ 250. Biegasiewicz escorted Plaintiff outside the courthouse to his vehicle where Plaintiff retrieved his wallet and the bail money. After posting the bail, Plaintiff was released.

On March 14, 2016, Justice Pierce dismissed the OGA Complaint. On August 22, 2016, Justice Sakowski dismissed the third set of traffic citations. Plaintiff's two claims are based on the events surrounding his June 12, 2015 arrest on the OGA

---

[1] Dkt. 33-4.

charge, and the prosecution of Plaintiff on the third set of traffic citations as well as on the OGA charge, all of which eventually were dismissed.

## DISCUSSION

### 1. Summary Judgment

Summary judgment of a claim or defense will be granted when a moving party demonstrates that there are no genuine issues as to any material fact and that a moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) and (b); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986); *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). The court is required to construe the evidence in the light most favorable to the non-moving party, *Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011), and summary judgment may not be granted based on a credibility assessment. *See Reyes v. Lincoln Automotive Financial Services*, 861 F.3d 51, 55 (2d Cir. 2017) ("Adverse parties commonly advance conflicting versions of the events throughout a course of litigation. In such instances on summary judgment, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." (citations, quotation marks, and brackets omitted)). The party moving for summary judgment bears the burden of establishing the nonexistence of any genuine issue of material fact and if there is any evidence in the record based upon any source from which a reasonable inference in the non-moving party's favor may be drawn, a moving party cannot obtain a summary judgment. *Celotex*, 477 U.S. at 322; *see Anderson*, 477 U.S. at 247-48 ("summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could

return a verdict for the nonmoving party"). "A fact is material if it 'might affect the outcome of the suit under governing law.'" *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008) (quoting *Anderson*, 477 U.S. at 248).

"[T]he evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary judgment motions." *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988)). A defendant is entitled to summary judgment where "'the plaintiff has failed to come forth with evidence sufficient to permit a reasonable juror to return a verdict in his or her favor on'" an essential element of a claim on which the plaintiff bears the burden of proof. *In re Omnicom Group, Inc., Sec. Litig.*, 597 F.3d 501, 509 (2d Cir. 2010) (quoting *Burke v. Jacoby*, 981 F.2d 1372, 1379 (2d Cir. 1992)). Once a party moving for summary judgment has made a properly supported showing of the absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor. *Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d Cir. 1995). "[F]actual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial." *Hayes v. New York City Dept. of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996). "An issue of fact is genuine and material if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Cross Commerce Media, Inc. v. Collective, Inc.*, 841 F.3d 155, 162 (2d Cir. 2016) (citing *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133,137 (2d Cir. 2009)).

In the instant case, Defendants argue in support of summary judgment that probable cause is a complete defense to Plaintiff's First Claim for unreasonable seizure,

false arrest, and false imprisonment, Defendants' Memorandum at 4-8, as well as to Plaintiff's Second Claim for malicious prosecution, *id*. at 9-11, that Defendants Raczynski and Luick were not personally involved in prosecuting Plaintiff on the OGA charge, *id*. at 9, and, alternatively, Defendants are qualifiedly immune from liability on both claims. *Id*. at 11-13. In opposition, Plaintiff argues that opposing deposition testimonies of Plaintiff and Biegasiewicz establish disputed issues of fact as to whether Biegasiewicz acted with the requisite probable cause in issuing the third set of traffic citations on June 11, 2015, Plaintiff's Response at 3-8, there are issues regarding whether Biegasiewicz was, as a matter of law, performing an official function in issuing the third set of traffic citations on June 11, 201, *id*. at 8-10, because of facial deficiencies in the third set of traffic citations, Biegasiewicz could not have been performing an official function in serving them, *id*. at 11-13, all three Defendants either initiated or furthered the malicious prosecution of Plaintiff, *id*. at 13-14, and Defendants are not entitled to qualified immunity because their actions were objectively unreasonable. *Id*. at 14-16. In further support of summary judgment, Defendants argue no evidence supports Plaintiff's assertion that Biegasiewicz is not credible, Defendants' Reply at 4-5, comments made by Biegasiewicz and Raczynski in arresting Plaintiff cannot constitute any constitutional violation or preclude qualified immunity, *id*. at 5-6, and the federal cases on which Plaintiff relies in opposing summary judgment are largely irrelevant to the issues before the court on the instant motion. *Id*. at 6-7.

**2. 42 U.S.C. § 1983**

Preliminarily, Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 ("§ 1983"), which permits imposing civil liability upon persons who, acting under color of state law,

deprive an individual of rights, privileges, or immunities secured by the Constitution and laws of the United States. *Patterson v. County of Oneida, New York*, 375 F.3d 206, 225 (2d Cir. 2004) (quoting 42 U.S.C. § 1983). Section 1983, however, "'is not itself a source of substantive rights.'" *Id*. (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). Rather, § 1983 "merely provides 'a method for vindicating federal rights elsewhere conferred' . . . ." *Id*. To succeed on a § 1983 claim, a plaintiff must establish the challenged conduct "(1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997). Further, it is basic that liability under § 1983 requires a defendant's personal involvement in the alleged deprivation of a federal right. *See Warren v. Pataki*, 823 F.3d 125, 136 (2d Cir. 2016) ("To establish a section 1983 claim, 'a plaintiff must establish a given defendant's personal involvement in the claimed violation in order to hold that defendant liable in his individual capacity.'" (quoting *Patterson*, 375 F.3d at 229)).

The elements of a § 1983 claim, as stated, include (1) the deprivation of a federal constitutional or statutory right, and (2) by a person acting under color of state law. *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). Thus, "[t]he first step in any such claim is to identify the specific constitutional right allegedly infringed." *Id*. (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989); and *Baker*, 443 U.S. at 140). In the instant case, Plaintiff alleges that he was subjected to deprivations of his federal constitutional rights under the Fourth, Sixth, and Fourteenth Amendments.

Insofar as Plaintiff asserts the Fourteenth Amendment as a basis for his First Claim alleging unreasonable seizure, false arrest, and false imprisonment, such claims are predicated on the Fourth Amendment. Significantly, the Supreme Court has held that where a particular amendment "provides an explicit textual source of constitutional protection" against particular government behavior, "that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Graham v. Connor*, 490 U.S. 386, 395 (1989). Accordingly, Plaintiff's First Claim is not recognized under the Fourteenth Amendment, but only under the Fourth Amendment and the court addresses it as such.

Both of Plaintiff's claims are predicated on the events of June 11, 2015 when, after Justice Sakowski dismissed the re-issued traffic citations for improper service, Defendant Biegasiewicz attempted to detain Plaintiff at the Elma Town Court to again re-issue the citations, intending to then personally serve them on Plaintiff, but Plaintiff left, eventually returning the next day to accept personal service of the third set of traffic citations at the Elma Town Court. In his First Claim, Plaintiff alleges he was subjected to unreasonable seizure, false arrest, and false imprisonment in connection with the events of June 12, 2015, when Plaintiff surrendered for service of the third set of traffic citations, but Defendants Biegasiewicz and Raczynski arrested Plaintiff in connection with the OGA charge.[2] Complaint ¶¶ 42-59. In his Second Claim, Plaintiff maintains the prosecution of Plaintiff on the OGA charge was not based on probable cause and such lack of probable cause gives rise to the requisite inference of malice, a required element for a malicious prosecution claim. *Id*. ¶¶ 60-77.

[2] The First Claim is not asserted against Defendant Luick.

**3. Probable Cause**

"Claims for false arrest or malicious prosecution, brought under § 1983 to vindicate the Fourth and Fourteenth Amendment right to be free from unreasonable seizures, are 'substantially the same' as claims for false arrest or malicious prosecution under state law." *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003) (citing *Weyant v. Okst,* 101 F.3d 845, 852 (2d Cir.1996) (false arrest); and *Conway v. Vill. of Mount Kisco,* 750 F.2d 205, 214 (2d Cir.1984) (malicious prosecution)). Also, "[i]n New York, the tort of false arrest is synonymous with that of false imprisonment." *Posr v. Doherty*, 944 F.2d 91, 96 (2d Cir. 1991) (citing *Jacques v. Sears, Roebuck & Co.,* 285 N.E.2d 871, 875 (N.Y. 1972)). Moreover, to be meritorious, both Plaintiff's § 1983 claims for false arrest and malicious prosecution require the absence of probable cause. *See Maye v. New York*, 517 Fed.Appx. 56, 58 (2d Cir. 2013) (holding where an arrest is supported by probable cause, there can be no cause of action for unlawful imprisonment); *Gonzalez v. City of Schenectady*, 728 F.3d 149, 155 (2d Cir. 2013) ("'The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983.'" (quoting *Weyant*, 101 F.3d at 852)), and *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003) ("the existence of probable cause is a complete defense to a claim of malicious prosecution...."); *Manganiello v. City of New York,* 612 F.3d 149, 161–62 (2d Cir.2010) (probable cause is a complete defense to malicious prosecution claim in violation of New York common law and § 1983). In the instant case, the undisputed facts establish Plaintiff's arrest and prosecution on the OGA Complaint were supported by probable cause.

In particular, "[p]robable cause is established 'when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested.'" *Singer v. Fulton County Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995) (quoting *O'Neill v. Town of Babylon,* 986 F.2d 646, 650 (2d Cir.1993)). "[P]robable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States,* 25 F.3d 98, 102 (2d Cir.1994) (citing *Colon v. City of New York,* 455 N.E.2d 1248 (N.Y.1983)). "Once a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." *Curly v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001). Further, that the plaintiff was ultimately acquitted after trial does not negate the existence of probable cause because "the standard for probable cause is lower than that for conviction." *United States v. Delossantos*, 536 F.3d 155, 161 (2d Cir. 2008) (citing cases). "The collective knowledge doctrine provides that, for the purpose of determining whether an arresting officer had probable cause to arrest, 'where law enforcement authorities are cooperating in an investigation, ... the knowledge of one is presumed shared by all.'" *Savino v. City of New York*, 331 F.3d 63, 74 (2d Cir. 2003) (quoting *Illinois v. Andreas,* 463 U.S. 765, 772 n. 5 (1983)). In the instant case, probable cause supports Plaintiff's arrest and prosecution on the OGA Complaint.

In particular, "[a] person is liable for obstruction of governmental administration when 'he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from

performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act.'" *Ekukpe v. Santiago*, __ Fed.Appx. __, 2020 WL 4743501, at *2 (2d Cir. Aug. 17, 2020) (quoting N.Y. Penal Law § 195.05). The elements for an obstruction of governmental administration charge include (1) a public servant performing an official function; (2) the individual prevents or attempts to prevent the performance of the official function by interfering with it; and (3) the interference is intentional. *Kass v. City of New York*, 864 F.3d 200, 207 (2d Cir. 2017). Plaintiff does not dispute the third element, but maintains there are questions of fact as to whether Biegasiewicz was performing an official function in attempting to issue and serve him with the third set of traffic citations on June 11, 2015, Plaintiff's Response at 5-7, 8-9, as well as whether Plaintiff leaving the courthouse and driving away interfered with such action. *Id*. at 7-8. Here, there is no question Biegasiewicz, was performing an official function in attempting to issue and serve Plaintiff with a third set of traffic citations, and that Plaintiff's physically exiting the courtroom and driving off in his vehicle in violation of a law enforcement officer's direction to submit to authority can satisfy the interference element.

In particular, although the initial traffic citations were rendered a legal nullity based on Biegasiewicz's failure to timely provide the supporting deposition in response to Plaintiff's request, Biegasiewicz had authority to re-issue the traffic citations, contrary to Plaintiff's argument, Plaintiff's Response at 8-9, because Justice Sakowski's dismissal of the initial traffic citations based on Biegasiewicz's failure to provide the supporting deposition in response to Plaintiff's request did not bar reprosecution on the same charges. *See People v. Nuccio*, 575 N.E.2d 111, 113 (N.Y. 1991) ("*Nuccio*")

(dismissal of simplified information for legal insufficiency, specifically, failure to supply supporting deposition, did not bar reprosecution for the same charges). *People v. Aucello*, 558 N.Y.S.2d 436 (Sup.Ct. 1990), on which Plaintiff relies for the proposition that New York law does not permit re-filing a simplified instrument after its dismissal based on a law enforcement officer's failure to timely supply a supporting deposition because the court would be divested of its jurisdiction, is not controlling here because it is from a lower court and pre-dates *Nuccio*. Nor is there any legal authority prohibiting Biegasiewicz from attempting to re-issue the traffic citations a second time, and even assuming, *arguendo*, the third set of traffic citations were, as Plaintiff maintains, Plaintiff's Response at 10-13, facially insufficient, such facial insufficiency does not mean Biegasiewicz was not performing an official function in issuing them. On this issue, Plaintiff points to no supporting New York caselaw indicating Biegasiewicz's conduct in reissuing the traffic citations was acting outside his authority, and the court's research reveals none. Furthermore, insofar as Plaintiff alleges Biegasiewicz was in court on June 11, 2015, dressed in his Sheriff Deputy uniform, yet "while off duty," Complaint ¶ 23, such assertion is directly contradicted by Biegasiewicz's sworn testimony that he was on duty when he attempted to serve Plaintiff with the third set of traffic citations, Dkt. 33-2 at 21, an assertion Plaintiff does not directly dispute, but merely maintains he does not know whether Biegasiewicz was then on duty. Plaintiff's Statement of Facts ¶ 10. The record does not indicate Plaintiff attempted but failed to obtain any information from Defendants such as official sheriff personnel work logs or records indicating whether Biegasiewicz was on duty at that time. Accordingly, there is

no material issue of fact that Biegasiewicz was on duty when he attempted to serve Plaintiff on June 11, 2015 with the third set of citations.

The second element of the OGA charge requires the individual prevent or attempt to prevent the performance of the official function by interfering with it. *Kass*, 864 F.3d at 209. Although this element requires some "physical" aspect and cannot consist solely of verbal statements, *id*., "an officer may consider both works and deeds in determining whether the individual's conduct is sufficiently obstructive to justify an arrest." *Id*. (citing cases). Significantly, "[s]uch interference can consist of 'inappropriate and disruptive conduct at the scene of the performance of an official function even if there is no physical force involved.'" *Id*., 864 F.3d at 209-10. Even "minimal interference set in motion to frustrate police activity" has been found to constitute obstructing governmental administration. *Id*. at 210 (citing cases). "'[M]erely approaching the police, or speaking during the course of a police action, or disregarding police instructions will support a conviction.'" *Antic v. City of New York*, 273 F.Supp.3d 445, 453 (S.D.N.Y. 2017) (quoting *Rasmussen v. City of New York*, 766 F.Supp.2d 399, 403 (E.D.N.Y. 2011)). The second element for a charge of OGA was thus satisfied when Plaintiff, after Justice Sakowski dismissed the re-issued traffic citations for improper service on June 11, 2015, ignored Biegasiewicz's repeated requests that Plaintiff accept service of the third set of traffic citations, and instead walked out of the courtroom followed by Biegasiewicz, entered his vehicle, and drove away. *Kass*, 864 F.3d at 209-10.

Accordingly, Biegasiewicz had probable cause to charge Plaintiff with OGA based on Plaintiff's conduct on June 11, 2015 after Justice Sakowski dismissed the re-

issued traffic citations and Biegasiewicz attempted to serve Plaintiff with the third set of traffic citations. This probable cause is, under the collective knowledge doctrine, shared by Raczynski and defeats Plaintiff's First Claim for false arrest against both Defendants. Significantly, Plaintiff presents no evidence to demonstrate the existence of a material issue of fact on this element.

Further, the existence of probable cause for Plaintiff's arrest on the OGA Complaint also defeats Plaintiff's Second Claim for malicious prosecution against all Defendants. In particular, the presence of probable cause at the time of an arrest will not defeat a malicious prosecution claim where evidence later surfaces that eliminates such probable cause, and the defendant fails to make a further inquiry when a reasonable person would have done so. *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996) (citing cases). "In order for the probable cause to dissipate, the groundless nature of the charges must be made apparent by the discovery of some intervening fact." *Id*. In the instant case, Plaintiff fails to point to any intervening fact eroding the probable cause that supported the OGA Complaint, and which is thus fatal to Plaintiff's malicious prosecution claim.

Accordingly, summary judgment is GRANTED on both the First and Second Claims.[3]

[3] Because probable cause defeats both Plaintiff's claims for false arrest and malicious prosecution, the court does not reach Defendants' alternative arguments that Defendants Luick and Raczynski were not personally involved in the events giving rise to the malicious prosecution claim, Defendants' Memorandum at 9, or that Defendants are qualifiedly immune from liability on both claims based on arguable probable cause. *Id*. at 11-12.

**CONCLUSION**

Based on the foregoing, Defendants' motion (Dkt. 27), is GRANTED; the action is DISMISSED. The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: October 21st, 2020
Buffalo, New York