UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID DALE,

                        Plaintiff,

                v.

DEPUTY SIMON BIEGASIEWICZ,
DEPUTY JOSEPH RACZYNSKI, and
DEPUTY WARREN LUICK,

                        Defendants.
_____

**DECISION
and
ORDER

17-CV-01211F
(consent)**

APPEARANCES:    THE LAW OFFICES OF MATTHEW A. ALBERT
                      Attorneys for Plaintiff
                      MATTHEW A. ALBERT, of Counsel
                      2166 Church Road
                      Darien Center, New York  14040
                             and
                      GRIFFIN DAVIS DAULT, of Counsel
                      388 Evans Street
                      Williamsville, New York  14221

                      MICHAEL A. SIRAGUSA
                      ERIE COUNTY ATTORNEY
                      Attorney for Defendants
                      JEREMY C. TOTH
                      Second Assistant County Attorney, of Counsel
                      ERIE COUNTY ATTORNEY'S OFFICE
                      95 Franklin Street
                      Room 1634
                      Buffalo, New York  14202

## **JURISDICTION**

On June 4, 2018, the parties to this civil rights action consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned.  (Dkt. 17).   The matter is presently before the court on Plaintiff's motion filed December 23, 2020  seeking an extension of time to file an appeal with the Second Circuit Court of Appeals (Dkt. 39).

## BACKGROUND and FACTS[1]

On November 24, 2017, Plaintiff David Dale ("Plaintiff" or "Dale"), commenced this civil rights action asserting against Defendants, all employees of Erie County Sheriff Department ("Defendants"), two claims for relief originating with a traffic stop on March 5, 2015, including for unreasonable seizure, false arrest, and false imprisonment in violation of the Fourth and Fourteenth Amendments, and malicious prosecution in violation of the Fourth and Sixth Amendments, and seeking compensatory and punitive damages, as well as an award of attorney fees.  In a Decision and Order filed October 21, 2020 (Dkt. 37) ("the D&O"), the undersigned granted Defendants' motion for summary judgment filed May 8, 2019 (Dkt. 27).  Judgment in favor of Defendants was entered on October 22, 2020 (Dkt, 38) ("October 22, 2020 judgment").

Plaintiff maintains he learned of the D&O and judgment on October 28, 2020 when his attorney, Matthew Albert, Esq. ("Albert"), telephoned and advised Plaintiff of the judgment.  Plaintiff's Declaration ¶ 4.  According to Plaintiff, in early November 2020, after both he and Albert spent several days researching the merits of an appeal to the Second Circuit Court of Appeals, Albert advised Plaintiff he was not able to represent Plaintiff in the appeal but that Albert's associate might be willing to handle the appeal.  *Id*. ¶¶ 5-6.  On November 12, 2020, Albert advised Plaintiff the associate was not able to represent Plaintiff, and Plaintiff arranged to pick up the case file from Albert who to date has not formally withdrawn from representing Plaintiff.  *Id*. ¶¶ 7-8.  The case file was not available for Plaintiff to retrieve from Albert until November 23, 2020, and

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

Plaintiff was not aware of the deadline for filing an appeal with the Second Circuit. *Id.* ¶¶ 9-11.

No timely notice of appeal was filed and the matter is presently before the court on Plaintiff's motion for an extension of time to file a notice of appeal in accordance with the Federal Rules of Appellate Procedure 4(a)(5)(A)(ii), and to proceed *in forma pauperis* in this court (Dkt. 39) filed December 23, 2020 ("Plaintiff's Motion"), attaching the Declaration of David Dale (Dkt. 39 at 2-5) ("Plaintiff's Declaration"), the Affidavit of Matthew Albert, Esq. (Dkt. 39 at 6-7) ("Albert Affidavit"), and a Notice of Appeal (Dkt. 39 at 8) ("Notice of Appeal"). In opposition, Defendants filed on January 4, 2021 the Attorney Declaration of Second Assistant County Attorney Jeremy C. Toth in Opposition to Plaintiff's Motion to Extend Deadline to Appeal (Dkt. 40) ("Toth Declaration"), attaching exhibits A through E (Dkts. 40-1 through 40-5) ("Defendants' Exh(s). __"), and the Memorandum of Law in Opposition to Plaintiff's Motion for *Nunc Pro Tunc* Relief (Dkt. 40-6) ("Defendants' Memorandum"). Oral argument was deemed unnecessary. Based on the following, Plaintiff's Motion is DENIED.

## **DISCUSSION**

As relevant here, Rule 4 of the Federal Rules of Appellate Procedure requires a notice of appeal "be filed with the district clerk within 30 days after entry of the judgement or order appealed from." Fed.R.App.P. 4(a)(1)(A) ("Rule 4(a) __"). Should a party fail to timely file a notice of appeal, Rule 4(a) further provides that

> (A) The district court may extend the time to file a notice of appeal if:
>     (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party showed *excusable neglect or good cause*.

Fed.R.App.P. 4(a)(5)(A)(i) and (ii) (italics added).

"'The power of the federal courts to extend the time limits on the invocation of appellate jurisdiction is severely circumscribed.'" *See Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001) (quoting *Mendes Junior Int'l Co. v. Banco Do Brasil, S.A.,* 215 F.3d 306, 312 (2d Cir.2000)).  Further, "[a] district court's order granting or denying motions under Fed. R.App. P. 4(a)(5) is reviewed for abuse of discretion."  *Id.* (citation omitted).

In the instant case, with the entry of judgment on October 22, 2020, Plaintiff had until November 21, 2020 to file his notice of appeal  Fed.R.App.P. 4(a)(1)(A), and having failed to do so, Plaintiff had until December 21, 2020 to filed a motion for an extension of time in which to file the notice of appeal provided Plaintiff also demonstrated either excusable neglect or good cause for the delay.  Fed.R.App.P. 4(a)(5)(A).  Plaintiff's Motion, however, was not filed until December 23, 2020 and, as such, is untimely, a point not discussed by the parties.  Nevertheless, the untimely nature of Plaintiff's Motion alone is grounds for denying it.  *See Goode*, 252 F.3d at 245 - 46 (finding district court abused its discretion in granting extension of time pursuant to Rule 4(a) to file notice of appeal filed more than 30 days after original appeal filing deadline based on district's policy of "back-dating" *pro se* filings).  Even assuming, *arguendo*, Plaintiff's Motion requesting an extension of time to file his notice of appeal with the Second Circuit was timely filed, Rule 4(a)(5)(A)(ii) requires "excusable neglect or good cause," neither of which Plaintiff has demonstrated and, in fact, Plaintiff's argument asserts only excusable neglect.

The so-called "*Pioneer* factors" articulated by the Supreme Court in discerning excusable neglect in the context of a federal bankruptcy case, *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 382-83 (1993), have been adopted by the Second Circuit in considering excusable neglect in the context of motions under Rule 4(a) for an extension of time to file a notice of appeal and other cases. *See Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003). Significantly, "'excusable neglect' is an 'elastic concept' that 'at bottom [is] an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Redhead v. Conference of Seventh-Day Adventists*, 360 Fed.Appx. 232, 234–35 (2d Cir. 2010) (quoting *Silivanch*, 333 F.3d at 366) (further internal quotation marks and citation omitted).

> "The *Pioneer* factors for excusable neglect include '[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'"

*Id*. 360 Fed.Appx. at 235 (quoting *Silivanch*, 333 F.3d at 366 (quoting *Pioneer*, 507 U.S. at 395)). The Courts of Appeal focus on the third factor and "'continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test.'" *Id*. (quoting *Silivanch*, 333 F.3d at 366). "[B]ecause the rule governing the grant of an extension to file a notice of appeal is unambiguous," circumstances in which an extension to file a notice of appeal is based on a "blunder – even if an honest mistake" will not substantiate "excusable neglect." *Id*.

Here, Plaintiff proffers in support of his claim for excusable neglect the Albert Declaration in which Albert admits that despite communicating with Plaintiff regarding

5

the case between October 22 and November 21, 2020, Albert neglected to advise Plaintiff of the deadline for filing an appeal of the October 22, 2020 judgment. Albert Declaration ¶¶ 8-9. Albert attributes this "error" to personal circumstances, including a fire on June 22, 2020 at Albert's home causing extensive damage, resulting in flooding, and requiring Albert make repairs, *id*. ¶¶ 4-5, the Coronavirus pandemic requiring Albert's mother to quarantine in her New York City apartment, *id*. ¶ 6, and Albert learning "in late October that [he] will not be practicing law for six months dues to an involuntary leave of absence." *Id*. ¶ 7. Albert, however, does not explain how his ability to practice law was hindered by the fire at his home or his mother's need to quarantine in another city. Nor does Albert explain the asserted six-month "involuntary leave of absence" commencing in "late October" during which time Albert nevertheless avers maintaining communications with Plaintiff regarding this matter.[2] *Id*. ¶ 8 (Albert averring he communicated with Plaintiff "over the course of the 30-day span from October 22 through November 21, 2020 . . . . "). As such, these circumstances, albeit unfortunate, fail to even suggest the third factor is met, *i.e.*, that the delay was not within Plaintiff's "reasonable control." *Redhead*, 360 Fed.Appx. at 235 (finding that attorney misapprehension in calculating period in which to file appeal did not constitute excusable neglect as required for extending the time to appeal under Rule 4(a)(5)(A)). Rather, at most, these circumstances establish a "blunder – even if an honest mistake" which does not "substantiate 'excusable neglect.'" *Id*. (quoting *Silivanch*, 333 F.3d at

---

[2] The court notes Albert's attorney registration listing on the website maintained by New York State Unified Court System shows Albert to be an attorney in good standing with "no record of public discipline," *see* New York State Unified Court System, Attorney On-Line Services Search, *available at* https://apps.courts.state.ny.us/attorneyservices/wicket/page?1, *last visited* Jan. 6, 2021, which fact is inconsistent with Albert's asserted inability to provide legal assistance to Plaintiff.

366).  It is basic that a represented litigant assumes responsibility for the actions of his attorney.  *See Motown Record Co., L.P. v. Motown Beverage Co. of Ohio*, 165 F.3d 14, 14 (2d Cir. 1998) ("it is well-settled that litigants are legally responsible for their attorneys' conduct" (internal quotation marks and citation omitted)).  Plaintiff thus has failed to establish the requisite excusable neglect supporting his motion seeking an extension of time to file a notice of appeal regarding the October 22, 2020 judgment.

Because the court is denying Plaintiff's Motion seeking an extension of time to file a notice of appeal, the court does not address the merits of extending Plaintiff's time to appeal based on asserted new case law decided seven days after the D&O specifically, *People v. Zelaya*, 132 N.Y.S.3d 233 (N.Y.App.Term 2020), as Plaintiff asserts, Plaintiff's Declaration ¶¶ 15-18, Plaintiff's assertion that allowing the late notice of appeal is in the interest of justice in light of "the current climate of overwhelming evidence of documented police abuse cases," *id.* ¶ 19, or Plaintiff's further request for *in forma pauperis* status, Plaintiff's Declaration ¶¶ 22-23.

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion (Dkt. 39), is DENIED.  The Clerk of the Court shall serve Plaintiff with a copy of the Decision and Order by first class U.S. Mail at 805 Fillmore Avenue, Buffalo, New York  14212.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:     January 6th, 2021
           Buffalo, New York

7

**Any petition for permission to appeal with the Circuit Clerk, United States Court of Appeals for the Second Circuit, New York, New York, must be filed within thirty (30) days pursuant to Fed.R.App. 4(a).  Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.**