UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID DALE,

                                 Plaintiff,

             v.

DEPUTY SIMON BIEGASIEWICZ,
DEPUTY JOSEPH RACZYNSKI, and
DEPUTY WARREN LUICK,

                                 Defendants.

DECISION
and
ORDER

17-CV-01211F
(consent)

_____

APPEARANCES:    THE LAW OFFICES OF MATTHEW A. ALBERT
                       Attorneys for Plaintiff
                       MATTHEW A. ALBERT, of Counsel
                       2166 Church Road
                       Darien Center, New York  14040
                                 and
                       GRIFFIN DAVIS DAULT, of Counsel
                       388 Evans Street
                       Williamsville, New York  14221

                       MICHAEL A. SIRAGUSA
                       ERIE COUNTY ATTORNEY
                       Attorney for Defendants
                       JEREMY C. TOTH
                       First Assistant County Attorney, of Counsel
                       ERIE COUNTY ATTORNEY'S OFFICE
                       95 Franklin Street
                       16th Floor
                       Buffalo, New York  14202


## **JURISDICTION**

On June 4, 2018, the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned. (Dkt. 17). The matter is presently before the court on Plaintiff's motion (Dkt. 42), filed February 12, 2021, for leave to proceed *in forma pauperis*, to vacate the consent to proceed before the undersigned, to proceed

*pro se*, and for an extension of time to file an appeal from the undersigned's order filed October 21, 2020.

## **BACKGROUND and FACTS**[1]

Plaintiff David Dale ("Plaintiff"), commenced, pursuant to 42 U.S.C. § 1983, this civil rights action on November 24, 2017, asserting against Defendants, including Erie County Sheriff Deputies Simon Biegasiewicz, Joseph Raczynski, and Warren Luick (together, "Defendants"), claims for relief originating with a traffic stop on March 5, 2015, including for unreasonable seizure, false arrest, false imprisonment, and malicious prosecution. Defendants filed an answer on January 18, 2018 (Dkt. 8). On May 8, 2019, Defendants moved for summary judgment (Dkt. 27) ("summary judgment motion"). In a Decision and Order filed October 21, 2020 (Dkt. 37) ("October 21, 2020 D&O"), the undersigned granted Defendants' summary judgment motion and dismissed the action, with judgment entered in favor of Defendants on October 22, 2020 (Dkt. 38).

On December 23, 2020, Plaintiff moved pursuant to Federal Rules of Appellate Procedure 4(a)(5)(A)(ii) to extend the time to file a notice of appeal with the Second Circuit Court of Appeals, and to proceed *in forma pauperis* in this court (Dkt. 39) ("motion to extend time"). In support of the motion, Plaintiff had argued that he first learned of the October 21, 2020 D&O during an October 28, 2020 conversation with his attorney, Matthew A. Albert, Esq. ("Albert"), and then spent several days with Albert researching the merits of an appeal to the Second Circuit before Albert advised he was unable to represent Plaintiff in the appeal, but that Albert's associate, Griffin Davis Dault

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

("Dault") may be willing to handle the appeal. On November 12, 2020, however, Albert advised Dault was not able to represent Plaintiff, and arranged for Plaintiff to pick up from Albert the case file which was not available until November 23, 2020, *i.e.*, one day later than the 30-day deadline for filing a Notice of Appeal with the Second Circuit. On January 6, 2021, the undersigned denied the motion to extend time (Dkt. 41) ("January 6, 2021 D&O"). In denying the motion to extend time to file an appeal, the undersigned found without merit Plaintiff's assertion that the motion was supported by "excusable neglect" based on Albert's failure to advise Plaintiff of the deadline for filing a notice of appeal with the Second Circuit, which failure Albert attributed to personal circumstances including a fire at Albert's home resulting in extensive damage and flooding and requiring Albert make repairs, the Coronavirus pandemic necessitating Albert's mother quarantine in New York City, and Albert learning in late October 2020 that he would be taking an involuntary leave of absence and unable to practice law for several months. The undersigned further found the asserted circumstances established at most a "blunder" or "honest mistake" which did not substantiate "excusable neglect." January 6, 2021 D&O at 6-7.

On February 12, 2021, Plaintiff filed the instant motion (Dkt. 42) ("Plaintiff's Motion"), seeking an order removing Plaintiff's attorneys of record and permitting Plaintiff to proceed *pro se*, rescinding the consent to proceed before the undersigned, extending the time for Plaintiff to file with the Second Circuit a notice of appeal either with regard to the October 21, 2020 D&O, or the January 6, 2021, and permission to proceed *in forma pauperis*. Attached to Plaintiff's Motion is the Combined Motion

3

Affirmation [of David Dale][2] to Remove Attorneys, Remove Matter from Magistrate [Judge], Extend Time to File a Notice of Appeal Per Fed. R. App. P. 4(a)(5)(A)(ii) or File Notice of Appeal, or Relief from Judgment Pursuant to Fed. R. [Civ. P.] 60, and to Proceed *In Forma Pauperis* (Dkt. 42 at 2-7) ("Plaintiff's Affirmation"), exhibits A and B (Dkt. 42 at 8-10 ("Plaintiff's Exh. A"), and 11-19 ("Plaintiff's Exh. B"), a Memorandum of Law (Dkt. 42 at 20-30) ("Plaintiff's Memorandum"), and cases (Dkt. 42 at 31-35). Plaintiff also filed on February 12, 2021, a Notice of Appeal of the January 6, 2021 D&O to the Second Circuit Court of Appeals (Dkt. 43). On February 18, 2021, the Second Circuit issued a Notice (Dkt. 46) advising that Plaintiff's appeal could not proceed while Plaintiff's motion for leave to proceed on appeal *in forma pauperis* remained pending in this court. On March 1, 2021, Defendants filed the Attorney Declaration [of First Assistant County Attorney Jeremy C. Toth] in Opposition to Plaintiff's Second Motion to Extend Deadline to Appeal, and Relief from Judgment (Dkt. 47) ("Defendants' Response"). On March 15, 2021, Plaintiff filed in further support of Plaintiff's Motion the Reply Affirmation (Dkt. 48) ("Plaintiff's Reply"). Oral argument was deemed unnecessary.

Based on the following, Plaintiff's Motion is DENIED.

## DISCUSSION

**1.     Request to Vacate Consent to Proceed Before the Undersigned**

Initially, the court addresses Plaintiff's request that the consent to proceed before a magistrate judge filed on June 4, 2018 (Dkt. 17), be vacated because such consent

---

[2] Unless otherwise indicated, bracketed material has been added.

4

was given by Plaintiff's former counsel, Matthew Albert ("Albert"), rather than by Plaintiff who does not consent and, as such, is invalid.  Plaintiff's Affirmation ¶¶ 23-24; Plaintiff's Memorandum at 5-6 (DKt. 42 at 24-25).  According to Plaintiff, because Local Rules of Civil Procedure – WDNY ("Local Rules") Rule 73 ("Rule 73__"), requires each party separately consent to proceed before a magistrate judge, including each *pro se* party, Rule 73(b), as well as any party added to the action after the original parties' consent to proceed before a magistrate judge is approved by the assigned District Judge, Rule 73(c), the change in Plaintiff's status from a represented party to *pro se* who did not separately consent, terminated the consent and thus "is similar to adding an additional party, thus requiring a new consent."  Plaintiff's memorandum at 5 (Dkt. 42 at 4).  Because Plaintiff does not consent to proceeding before the undersigned, Plaintiff maintains the undersigned is without jurisdiction to consider the instant motion, and also was without jurisdiction to consider Plaintiff's earlier motion seeking an extension of time to file an appeal with the Second Circuit.  *Id*. at 4-5.  There is no merit to this argument.

"Litigants enjoy no absolute right to withdraw a validly given consent to proceed before a magistrate judge."  *Savoca v. United States*, 199 F.Supp.3d 719, 720 (S.D.N.Y. 2016) (citation omitted).  In the instant case, Plaintiff does not deny that the consent to proceed before the undersigned was given by Albert in the course of representing Plaintiff.  Where valid consent is given, "[a] party may withdraw his or her consent to proceed before a magistrate judge only upon a showing of 'extraordinary circumstances.'"  *Watson v. Arts & Entertainment Television Network*, 2006 WL 2053189, at * 4 (S.D.N.Y. July 21, 2006) (citations omitted).  *See* 28 U.S.C. § 636(c)(4) ("The court may, for good cause shown on its own motion, or under extraordinary

circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection."); (Fed.R.Civ.P. 73(b)(3) ("On its own for good cause – or when a party shows extraordinary circumstances – the district judge may vacate a referral to a magistrate judge . . . . ."). Demonstrating the requisite "extraordinary circumstances" is difficult. *Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*, 2011 WL 70593, at * 3 (S.D.N.Y. Jan. 10, 2011). "This high standard prevents gamesmanship." *Savoca*, 199 F.Supp.3d at 721.

In the instant case, the only reason Plaintiff proffers in support of withdrawing the consent to proceed before the undersigned is discontent with the undersigned's October 21, 2020 and January 6, 2021 D&Os. A party's displeasure with an adverse ruling, however, does not establish the extraordinary circumstances necessary to support vacating a previously granted motion to consent to proceed before the magistrate judge. *See Washington v. Kellwood Co.*, 2015 WL 8073746, at * 1 (S.D.N.Y. Dec. 4, 2015) ("When a party comes to rue an adverse ruling, she cannot simply return to the district judge. The magistrate judge's authority is binding.") (citing *McCarthy v. Bronson*, 906 F.2d 835, 838 (2d Cir. 1990)). Permitting parties to withdraw consent to proceed before a magistrate judge would have the undesirable effect of encouraging judge shopping. *Id*. at * 2. Further, a represented party is bound by the actions of its freely chosen legal counsel. *See Hoodho v. Holder*, 558 F.3d 184, 194 (2d Cir. 2009) (a party who voluntarily chose his legal representative in an action cannot avoid the consequences of the act or omissions of the freely selected agent).

Nothing in the statute provides for vacating, *nunc pro tunc*, the plenary jurisdiction granted the magistrate judge via the original consent. Following the entry of

6

final judgment, jurisdiction in the district court is limited to a few statutory remedies, including, as demonstrated here, a motion for relief from final judgment or for an order granting or denying IFP status on appeal to the relevant Circuit Court of Appeals. The motion thus is a nullity. Furthermore, here, the motion is without any merit given Plaintiff's further requests, as discussed below, are spurious. See Discussion, *supra*, at 7-13. Plaintiff cites to no authority otherwise and the court's research confirms the absence of any such authority.

Accordingly, insofar as Plaintiff seeks an order vacating the consent to proceed before the undersigned, it is without legal basis and is DISMISSED as beyond the scope of authority granted under 28 U.S.C. § 636(c)(4).

**2.      Request to Vacate October 21, 2020 D&O**

Insofar as Plaintiff seeks relief from the October 21, 2020 D&O pursuant to Fed.R.Civ.P. 60(b)(5) and (6) as inconsistent with a subsequent New York state case decided seven days after the October 21, 2020 D&O, *i.e.*, *People v. Zelaya*, 132 N.Y.S.3d 233 (4th Dept. 2020) (table) ("*Zelaya*"), Plaintiff's Memorandum at 9-11 (Dkt. 42 at 28-30), Plaintiff essentially reasserts his arguments made in support of his December 23, 2020 motion (Dkt. 39) seeking an extension of time to file an appeal with the Second Circuit, and adds that the recent suspension of former counsel Albert from the practice of law establishes Albert did not provide effective counsel. Plaintiff's Memorandum at 4 (Dkt. 42 at 23). These arguments, however, do not provide good cause for relief under Rule 60(b)(5) or (6).

Rather, Rule 60(b)(5) permits relief from a final judgment, order, or proceeding where, as relevant here, the judgment "is based on an earlier judgment that has been

7

reversed or vacated; or applying it prospectively is no longer equitable." Fed.R.Civ.P. 60(b)(5).  Toward that end, Plaintiff relies on *Zelaya*, for the proposition that a court's dismissal of simplified traffic informations based on the prosecutor's failure to respond to the defendant's request for a supporting deposition, could not be re-commenced by the filing of new simplified traffic informations charging the defendant with the same traffic infractions.  Plaintiff's Memorandum at 9-11 (Dkt. 42 at 28-30).  In *Zelaya*, however, the court's dismissal of the re-filed charging instruments "in the interest of justice" was consistent with that court's policy of dismissing convictions based on refiled accusatory instruments regarding traffic violations, *Zelaya*, 132 N.Y.S.3d at 233, but not required by any statute.  In the instant case, Plaintiff does not argue that the court before which his traffic infractions were prosecuted, *i.e.*, Elma Town Court, had a similar policy of dismissing refiled accusatory instruments relative to traffic violations, and Plaintiff points to no statute or caselaw requiring such dismissal and the court's research has found none.  Nor has *Zelaya* been affirmed by any court having precedential effect on this court.  Accordingly, Plaintiff's motion to vacate the October 21, 2020 D&O based on Fed.R.Civ.P. 60(b)(5) is without merit and is DENIED.

Further, with regard to Plaintiff's assertion that Albert's recent suspension from the practice of law establishes Albert did not render effective legal counsel to Plaintiff in this matter and justifies vacating the October 21, 2020 D&O for "any other reason that justifies relief," Fed.R.Civ.P. 60(b)(6), Plaintiff relies on the New York State Supreme Court, Appellate Division, Fourth Judicial Department's decision suspending Albert from practice for six months, *Albert v. Grievance Committee of Eighth Judicial District*, 138 N.Y.S.3d 444 (4th Dept. 2021), and a media report indicating Albert, in connection with

8

the suspension proceedings, admitted suffering from substance abuse and mental health issues, which issues Albert proffered as mitigating circumstances in answering the disciplinary charges. Plaintiff's Memorandum at 4 (Dkt. 42 at 23), and Plaintiff's Exh. B. Not only does a plain reading of the media report Plaintiff submits in support of this argument establish Albert admitted to his substance abuse and mental health issues "four or five years" prior to the February 5, 2021 suspension, but this time-frame places Albert's representation of Plaintiff in connection with the instant action, filed November 24, 2017, outside the time period of Albert's troubled past. Moreover, the basis for the disciplinary suspension was not related to Albert's competency to practice law but, rather, to poor choices Albert made in his personal life, matters which are unrelated to Plaintiff's claims asserted against Defendants in this action.

Accordingly, Plaintiff's motion under Rule 60(b) is DENIED.

3.      **Request to Proceed on Appeal *In Forma Pauperis***

Plaintiff seeks to proceed on appeal to the Second Circuit *in forma pauperis* ("IFP"). Plaintiff seeks to appeal both this court's October 21, 2020 D&O granting summary judgment in favor of Defendants and dismissing the action, as well as the January 6, 2021 D&O denying Plaintiff's motion for an extension of time to file an appeal with the Second Circuit, and declining to reach Plaintiff's request to proceed before on appeal before the Second Circuit IFP as moot.

A litigant's right to proceed IFP on appeal is governed by 28 U.S.C. § 1915 ("§ 1915"), and Fed.R.App.P. 24 ("Rule 24 __"). As relevant, § 1915 provides that "[a]ny court of the United States may authorize commencement . . . of any suit, civil or criminal, or appeal therein, without payment of fees or security therefor, by a person

who submits an affidavit that includes a statement" of assets possessed, a statement of the nature of the appeal and the affiant's belief that the litigant is entitled to redress. 28 U.S.C. § 1915(a)(1). Further, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Whether an appeal is taken in good faith "requires 'an inquiry into the merits of the appeal rather than the subjective good faith of the plaintiff.'" *Robinson v. Buffalo*, 2017 WL 7731906, at * 1 (W.D.N.Y. Oct. 25, 2017) (quoting *Clay v. New York National Bank*, 2001 WL 277299, at * 1 (S.D.N.Y. Mar. 21, 2001)). Additionally, pursuant to § Fed.R.App.P. 24(a)(1),

> a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.

Fed.R.App.P. 24(a)(1)(A)-(C).

If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for the filing fees, but if the district court denies the motion, the reasons for the denial must be stated in writing. Fed.R.App.P. 24(a)(2). Generally, a party who was permitted to proceed IFP in the district court action may proceed in forma pauperis on appeal. Fed.R.App.P. 24(a)(3). If, however, the district court denies the request, the party may, within 30 days of the denial, file a motion to proceed on appeal IFP in the court of appeals which motion must include a copy of the affidavit filed in the district court along with the district court's written statement of reasons for the denial. Fed.R.App.P. 24(a)(5).

In the instant case, not only did Plaintiff not proceed IFP at the district court level which, if he had, generally would permit Plaintiff to proceed IFP on appeal, Fed.R.App.P. 24(a)(3), but Plaintiff has not filed the requisite Form 4 from the Appendix of Forms, requiring a party seeking IFP status provide, for both the party and the party's spouse, 12 possible sources of income, employment history for previous two years, assets including cash, bank accounts, real estate holdings, vehicles, accounts receivables, and 20 possible recurring expenses, *see* Form 4, Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis, Fed.R.App.P. Appendix of Forms, or otherwise provided the court with the necessary financial detail to establish Plaintiff's inability to pay the filing fee even if Plaintiff is not required to complete the actual Form 4. Rather, in support of the request to proceed IFP, Plaintiff simply avers that,

> I am unable to pay the costs of this action or to give security therefor and that I believe I am entitled to redress. I am unemployed and currently live with my family which provide my daily living expenses. I have received no additional form of income since I was previously allowed to proceed in forma pauperis in a previous matter before this Court. Albert, as the attorney in this matter was retained upon a contingent basis.

Plaintiff's Affirmation ¶ 27.

This conclusory and self-serving statement are not the equivalent of Form 4.

Moreover, the court finds that an appeal of the January 6, 2021 D&O would not be taken in good faith as § 1915(a)(3) requires, but would be frivolous because none of the relief sought is available or necessary. In particular, Plaintiff's Motion seeks a court order removing Plaintiff's "discharged attorneys" and permitting Plaintiff to proceed *pro se*. Plaintiff's Affirmation ¶ 2. Although Plaintiff maintains that Rule 83.2 of the Local Rules ("Rule 83.2__"), requires an attorney withdrawing from representation or substituted by another attorney to file a motion regarding the withdrawal, Plaintiff's

Memorandum at 1 (Dkt. 42 at 20) (citing Rule 83.2(c)(1) and (4)), and New York Rules of Professional Conduct Rule 1.16(b)(3) requires an attorney who has been discharged by his client to withdraw from representation, *id*. (citing 22 N.Y.C.R.R. § 1200 (Rule 1.16(b)(3) ("Rule 1.16(b)(3)")), neither Local Rule 83.2, nor Rule 1.16(b)(3) prohibits Plaintiff from acting *pro se* despite the fact that neither Albert nor Dault filed such motion indicating their withdrawal from the action.  Indeed, "[a] plaintiff may terminate counsel and continue *pro se*." *Awolesi v. Shinseki*, 31 F.Supp.3d 534, 539 (W.D.N.Y. 2014) (citing *Antonmarchi v. Consolidated Edison Co. of N.Y.*, 678 F.Supp.2d 235, 239 (S.D.N.Y. 2010).  Further, because there is no right to counsel in civil cases, Plaintiff, upon deciding to release his counsel, may continue to pursue the action *pro se*.  *Id*. That discharged counsel's failure to move to withdraw as counsel did not prohibit Plaintiff from moving forward with his appeal is underscored by the fact that Plaintiff has been representing himself in this action since shortly after the October 21, 2020 D&O was filed, with Plaintiff admitting Albert had advised Plaintiff by November 12, 2020, that neither Albert nor Albert's associate, Dault, would be able to represent Plaintiff on his appeal to the Second Circuit, Plaintiff's Affirmation ¶¶ 6-7; Plaintiff's Memorandum at 1-2 (Dkt. 42 at 20-21).  Rather, the only considerations for the court when a plaintiff, who is not a corporate entity and thus required to proceed with attorney representation, decides to discharge his attorney is whether the discharge was for cause, a matter bearing on whether the former attorney is entitled to a charging lien under N.Y. Jud. Law § 475, should the discharged attorney seek such lien, and whether the withdrawal will unnecessarily delay the case and adversely impact the court's calendar.  *See Awolesi*, 31 F.Supp.3d at 537-38 (granting attorney's motion to withdraw from

representation despite fact that withdrawal would delay action because the plaintiff did not wish to proceed with counsel who advised the court he had been discharged by the client).  In the instant case, whether Albert [and Dault] wish to pursue a charging lien against Plaintiff is not an issue before the court, and the undersigned's October 21, 2020 D&O granting summary judgment in favor of Defendants renders moot the issue of delay.

Accordingly, there is no merit to this request for permission to proceed IFP on appeal, nor to Plaintiff's request for an order discharging Plaintff's attorneys of record and permitting Plaintiff to proceed *pro se*.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion (Dkt. 42), is DISMISSED in part and DENIED in part.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   May 28th, 2021
         Buffalo, New York

**Plaintiff is advised that pursuant to Fed.R.App.P. 4(a)(1)(A), any appeal of this Decision and Order must be made to the Second Circuit Court of Appeals within 30 days after entry of this Decision and Order**